UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SIMEON NILES,**<br><br>             Plaintiff<br><br>**v.**<br><br>**TOWN OF WAKEFIELD**, **STEVEN SKORY**, in his individual capacity, **KENNETH SILVA**, in his individual capacity, **JOHN WHALEY,** in his individual capacity and **SCOTT REBOULET,** in his individual capacity,<br><br>             Defendants. | C.A. No. 1:13-cv-13086-JGD |

## DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF MEDICAL RECORDS FROM THE LAHEY CLINIC

Now comes the defendants in the above-entitled matter and respectfully move the Court pursuant to Federal Rule of Civil Procedure 37 to compel the plaintiff to produce documents pursuant to the defendants' request for production of documents.

On July 21, 2014, counsel for the defendants served upon counsel for the plaintiff the following: Defendants' First Set of Interrogatories to the Plaintiff Simeon Niles and Defendants' First Request for Production of Documents to the Plaintiff Simeon Niles. (Exhibit A).

On August 19, 2014, counsel for the plaintiff requested a 30-day extension in responding to same via email. Counsel for the defendants assented to this request. (Exhibit B).

On October 3, 2014, counsel for the defendants sent a letter to counsel for the plaintiff requesting responses to Defendants' First Set of Interrogatories to the Plaintiff Simeon Niles and Defendants' First Request for Production of Documents to the Plaintiff Simeon Niles as same had never been received. (Exhibit C).

1

On October 24, 2014, counsel for the plaintiff sent via email Plaintiff's Answers to Defendants' First Set of Interrogatories to the Plaintiff Simeon Niles and Plaintiff's Responses to Defendants' First Request for Production of Documents to the Plaintiff Simeon Niles.  (Exhibit D).  In responding to Request 1, plaintiff stated "Plaintiff is in the process of requesting updated documents from the aforementioned providers, and will supplement this response at such time as those documents are received. Plaintiff reserves the right to supplement this Response."  The Lahey Clinic medical records were not included in this production.

On November 10, 2014, the deposition of the plaintiff was taken.  Counsel for plaintiff informed counsel for defendants he would be producing more medical records and the deposition was suspended until that time.   (Exhibit E).

On February 19, 2015, counsel for defendants served upon counsel for the plaintiff the following: Supplemental Requests for Production of Documents of the Defendants to be Answered by the Plaintiff, Simeon Niles and Supplemental Interrogatories of the Defendants to be Answered by the Plaintiff, Simeon Niles.  (Exhibit F).  As of the date of this motion, counsel for the defendants have not received Plaintiff's Answers and Responses to same.

On March 20, 2015, counsel for the plaintiff filed an un-opposed motion to extend discovery from April 2, 2015 until June 2, 2015, which was granted.  (Docket #25-26).

On May 18, 2015, this Court held a scheduling conference and confirmed June 2, 2015 as the deadline for the completion of fact discovery.  This Court also set the deadline for summary judgment for July 10, 2015.  (Dockets #29-30).

On May 29, 2015, counsel for the plaintiff delivered medical records and bills via email and stated "Please note that I am still missing the medical record from Lahey Clinic and Wakefield Physical Therapy, which is actually the bulk of Mr. Niles' treatment.  I expect to

2

provide these to you as soon as I receive them (which I've been trying to do for months)." (Exhibit G).

Counsel for the defendants inquired about the status of the Lahey medical records via email on June 1, 2015. (Exhibit H). No response was received to the June 1, 2015 email.

On June 2, 2015, fact discovery closed.

On June 29, 2015, counsel for the defendants inquired about the status of the Lahey medical records via email once again. (Exhibit I)

On July 2, 2015, counsel for the plaintiff sent via email medical records and bills from Wakefield Physical Therapy. In that same email, counsel for the plaintiff stated: "Lahey Clinic has not provided 178 pages of ER, hospitalization, and treatment records because there is a dispute regarding the prepayment for their copying service. Accordingly, the Lahey records are not - nor have ever been - without [sic] my care, custody, or control." (Exhibit J).

On July 8, 2015, counsel for the defendants sent via email to counsel for the plaintiff a "Authorization for Use or Disclosure of Medical Record Information" form from Lahey Clinic with the request the plaintiff execute said form so defendants could obtain the medical records, incurring the cost themselves. (Exhibit K).

On July 10, 2015, counsel for the plaintiff informed counsel for the defendants his client would not be executing the "Authorization for Use or Disclosure of Medical Record Information" form from Lahey Clinic. (Exhibit L).

As of the date of this motion, defendants are not in receipt of the documents. The medical records are necessary for the defendants to properly defend and prepare for trial.

Plaintiffs allege that on April 21, 2012, the defendants Skory, Reboulet, Silva, and Whaley, police officers for the Town of Wakefield Police Department assaulted Simeon Niles,

3

violated his Federal civil rights and falsely imprisoned him.  The plaintiff claims personal injuries.  The night of April 21, 2012 plaintiff went to Lahey Clinic and was allegedly treated for three days.

      Wherefore, the defendants move the Court for an Order that the plaintiff produce his medical records from Lahey Clinic with a time limit as specified by the Court, along with the costs and fees associated with having to file this motion.

                                        Respectfully submitted,
                                        DEFENDANTS, TOWN OF WAKEFIELD,
                                        STEVEN SKORY, KENNETH SILVA, JOHN
                                        WHALEY, AND SCOTT REBOULET,
                                        By their attorney:

                                        __/s/Chantelle M. D'Angelo_____
                                        Douglas I. Louison (BBO #545191)
                                        Email: Dlouison@lccplaw.com
                                        Chantelle D'Angelo (BBO #688165)
                                        Email: Cdangelo@lccplaw.com
                                        Louison, Costello, Condon & Pfaff, LLP
                                        101 Summer Street
                                        Boston, MA  02110
                                        617-439-0305

Date:  July 15, 2015

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), counsel for the defendants, Town of Wakefield, Steven Skory, Kenneth Silva, John Whaley, and Scott Reboulet, certify that they have conferred with counsel for Simeon Niles and attempted in good faith to resolve or narrow the issues in this motion.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as listed below:

Dmitry Lev, Esq.
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA  02472


Date:  July 15, 2015             */s/ Chantelle M. D'Angelo*
                                 Chantelle M. D'Angelo