# Exhibit D

# Chantelle D'Angelo

| | |
|---|---|
| **From:** | Dmitry Lev, Esq. <dlev@levlaw.net> |
| **Sent:** | Friday, October 24, 2014 6:02 PM |
| **To:** | Chantelle D'Angelo |
| **Cc:** | Douglas Louison |
| **Subject:** | Re: Niles v. Town of Wakefield et al |
| **Attachments:** | Niles S Incoming RPD Responses.pdf; Niles S Incoming Int Answers.pdf |

Ms. D'Angelo and Mr. Louison,

Attached please find Plaintiff's Responses to Defendants' Requests for Production of Documents and Plaintiff's Answers to Defendants'
Interrogatories.

Very truly yours,


Dmitry Lev, Esq.
Law Offices of D. Lev, P.C.
134 Main Street
Watertown, MA 02472
(617) 556-9990 tel
(617) 830-0005 fax
dlev@levlaw.net

1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIMEON NILES,<br>Plaintiff<br><br>v.<br><br>TOWN OF WAKEFIELD, STEVEN SKORY, KENNETH SILVA, JOHN WHALEY, and SCOTT REBOULET,<br>Defendants | Civil No. 1:13-cv-13086-GAO |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Fed. R. Civ. P., Plaintiff hereby responds to Defendants' First Request for Production of Documents based upon information and knowledge reasonably available to Plaintiff.

## GENERAL OBJECTIONS

1. Plaintiff objects to any and all Requests to the extent they are vague, overly broad, unduly burdensome, harassing, involve undue expense, and/or are irrelevant to the claims and defenses of the parties, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

2. Plaintiff objects to each Request to the extent it could be construed as requesting disclosure of information prepared by or at the direction of Plaintiff's attorney; to the extent that it could be construed as requesting disclosure of information prepared by or for Plaintiff in contemplation of litigation or trial; to the extent that it could be construed as requesting disclosure, release, or review of confidential communications by and between Plaintiff and his attorneys; and to the extent it is otherwise covered by the attorney-client privilege and the attorney work-product privilege. The inadvertent production of any document protected by an applicable privilege or doctrine is not intended to constitute, and shall not constitute, a waiver in whole or in part of such privilege or doctrine.

3. Plaintiff objects to any and all Requests to the extent they seek the identification of documents, writings, records, or publications in the public domain since such information is equally available to Defendants.

4. Plaintiff objects to any and all Requests that are not reasonably limited in time and/or scope.

5. Plaintiff objects to the Requests to the extent that they call for documents that are not in Plaintiff's possession, custody or control. Plaintiff objects to the Requests to the extent that they purport to request production of documents in the possession or subject to the control of third parties.

6. Any response by Plaintiff to any individual Request stating that Plaintiff will provide documents is not intended as a representation by Plaintiff that such documents exist. To the contrary, any such response is subject to the existence of such documents.

7. Plaintiff objects to each and every Request to the extent it seeks cumulative or duplicative information.

8. Plaintiff's Responses are given without in any way waiving or intending to waive, but on the contrary, intending to preserve: (a) all questions as to the competency, relevancy, materiality, privilege, authenticity, and admissibility of evidence, for any purpose, of the Responses, or subject matter thereof, in any subsequent proceedings in, or the trial of, this action; (b) the right to object to the use of any of the Responses produced in any subsequent proceedings in, or the trial of, this action; (c) the right to object on any ground, at any time, or to a demand for further discovery procedures involving or relating to the Responses herein provided; and (d) the right to review, correct, add to, or clarify any of the Responses to the Requests. Subject to the above General Objections, which are hereby interposed as to each Request, Plaintiff specifically responds and objects as follows:

Request No. 1

Copies of any and all doctors' reports and/or hospital reports or other medical records concerning the treatment or evaluation by any physicians, psychiatrists, psychologists, dentists, nurses or any other medical practitioner with reference to the plaintiff, including but not limited to Dr. Shahroki [sic], Wakefield Physical Therapy, Dutton Family Care Associates, Lahey Burlington Psychiatry and Behavioral Medicine, Lahey Clinic Neurosurgery, and the Lahey Clinic. A release for the same is attached for plaintiff's signature.

> Response: Objection. The request is not specific enough as to time and scope, and is therefore vague and unduly burdensome. Subject to and without waiver of this or the General Objections set forth above, Plaintiff states that, limiting the scope of the request to records in connection with the incident that is the subject of this action, responsive documents in the Plaintiff's possession, custody, or control were provided on or about June 2, 2014, within the Plaintiff's Rule 26 Disclosures. Plaintiff is in the process of requesting updated documents from the aforementioned providers, and will supplement this response at such time as those documents are received. Plaintiff reserves the right to supplement this Response.