# Exhibit L

# Chantelle D'Angelo

| | |
|---|---|
| **From:** | Dmitry Lev, Esq. <dlev@levlaw.net> |
| **Sent:** | Friday, July 10, 2015 5:08 PM |
| **To:** | Chantelle D'Angelo |
| **Subject:** | Re: Niles matter |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

I never mentioned the word "object" in my message. I do not have the records. Lahey is trying to charge an unreasonable fee to produce them, and we are dealing with them to assure their compliance with MGL c. 111 § 70.

Your request includes privileged records. I am not going to (this is now definitive) have my client sign a blanket release without time frames that includes privileged records, leaving me without a mechanism to seek a protective order with respect to any particular record.

Again, when Lahey produces the records to me, you will get them.

Very truly yours,


Dmitry Lev, Esq.
Law Offices of D. Lev, P.C.
134 Main Street
Watertown, MA 02472
(617) 556-9990 tel
(617) 830-0005 fax
dlev@levlaw.net


On Fri, Jul 10, 2015 at 4:49 PM, Chantelle D'Angelo <cDAngelo@lccplaw.com> wrote:
> Attorney Lev- this request was made almost a year ago and in the last week, you are saying the documents are not in your care, custody, or control even though you have been telling me all along the records would be produced.
>
> Now, you are saying you object to the request in total but that if you become in possession of the records, you will produce them- a position I find to be contrary in nature. Furthermore, the objection is something I am hearing for the first time after summary judgement has been filed. As to not being sure if you will advise your client to sign the Lahey form- please let me know your position immediately. If Mr. Niles will not sign the form, I will be filing with the court a motion to compel those documents, which we are certainly entitled to, on Monday.
>
> We filed with the court the same Irving security footage we produced to you, unedited. If you would like another copy, we can forward one along.
>
>
>> On Jul 10, 2015, at 4:35 PM, Dmitry Lev, Esq. <dlev@levlaw.net> wrote:
>>
>> I am not sure that I am going to advise him to do so. Your request
>> is overly broad and has no time frame limitations. Under my duty to
>> supplement, pursuant to Rule 26(e), when and if we resolve the

1